WILLIAM GODDARD and another, Executors, *v.* THOMAS P. I. GODDARD.

Legatees under a will must severally pay the duties required in respect of their respective legacies, even if the legacies are bequests of specific property, unless they are expressly exempt from such payment by the terms of the will, and this whether the duties are claimed under the U. S. Act of 1862 (chap. 119), of 1864 (chap. 173), or the amendatory Act of 1866 (chap. 184.)

ASSUMPSIT to recover the sum of $3,453.36 and interest, being the amount of a tax paid by the plaintiffs as executors of the will of Thomas P. Ives, upon a legacy to the defendant.

A jury trial having been waived, the case was submitted to the court upon an agreed statement of facts, from which it appeared that Thomas P. Ives deceased, leaving a last will and testament, duly admitted to probate, whereby he devised all his shares in the capital stock of the Lonsdale Company, a corporation, to three cousins, of whom the defendant was one, and to the survivor of them, share and share alike. His executors paid taxes upon these shares to the United States, and this suit was brought to determine the question whether said legacy taxes were properly chargeable to the shares in the capital stock of the Lonsdale Company, or to the defendant.

*T. C. Greene, for the plaintiff,* cited sections 124 and 125 of the act to provide internal revenue, &c., passed June 30, 1864, (chap. 173, 38th Congress,) and contended that the defendant was liable to the plaintiffs for the payment of the said duty or tax, paid to the United States by them as aforesaid, because under said act of Congress, the duty accruing upon a legacy should be paid by the legatee receiving the legacy, and not by the parties entitled to the residuary estate.

*Payne, for the defendant :—*

I. Under the revenue laws of the United States, no legacy tax is chargeable upon the shares in the capital stock of the Lonsdale Company. This is a specific legacy, as much so as a bequest of a horse, or a picture, or a library.

II. If a legacy tax is chargeable upon these shares by express provision of the law in force at the time when the will was made, proved, and when the tax was paid, the same is to be paid by the executors, and they are to be credited and allowed such payments in the settlement of their accounts. Secs. 124, 125, chapter 173, 38 Congress; Sec. 1, 1864, U. S. Statutes at Large, vol. 13, pages 285–6. By a prior law, legacy taxes were as expressly chargeable to the person entitled to the beneficial interest in respect to which such tax was paid. Sec. 111-112, chapter 119, 39 Congress. Sec. 11, 1862. U. S. Statutes at Large, vol. 12, 485, 486. And in 1866, the law as it was when this will was made and proved, and when this tax was paid, was amended so as to charge legacy taxes upon the legacy. Tax Payers' Manual, 1866, page 78. But this case must be governed by the law of 1864. This view of the case is supported by the fact that at one time such cases had been made chargeable upon the shares, and when the will was made the law had been changed, and by the amendment in 1866, was changed again. The testator is presumed to have known the law. He has expressly provided that certain legacies shall be free of government tax. He may be presumed to have said to himself: " I mean to give my shares in the Lonsdale Company, under the law as now it stands, free of tax; but as the law has been changed once, and may be changed again, I am content to have these shares subject to taxation, if the law so be, but my gifts to the hospital shall be free of tax, whatever changes may be made in the law."

*Bradley, for the residuary legatees of Thomas P. Ives:—*

*First.* The presumption is, in the absence of any express provisions in the will, or in the statute, that the tax upon any legacy should be paid out of the legacy; that the person receiving the benefit, should take the burden with it.

*Second.* The will of the testator, again, in the absence of express provision to the contrary in the statute, would, as between the parties taking under the will, determine the question. The will of the testator, did, in terms, provide that his charitable bequests to the Athenæum, and the Rhode Island Hospital,

should be free of government tax. It omits to provide that the bequests in question should be free of government tax. This difference is conclusive as to his intention, and his intention should be binding upon the rights of these parties.

*Third.* The statute of 1864 proceeds upon the *natural* presumption. It provides, in section 125, that an executor, " before payment and distribution to the legatees, or any parties entitled to beneficial interest, shall pay the amount of the duty or tax assessed upon such legacy or distributive share." Thus each share is held until its tax is paid. Why withheld from its owner, if he has no duty in regard to the payment of the tax? Again, it provides that the receipt of the assessor " shall be sufficient evidence " of such payment in settling the accounts of the executors.

Is the payment of tax upon a legacy to be allowed in settling the account with the party entitled to it, or in settling the account with some one else? The proper and obvious rule is stated in the instructions of the department. (Instructions, March, 1866.) Showing the provision for enforcing the tax ; a lien upon the specific bequests following them wherever they are ; from them it is provided that the tax shall be paid, and no other provision is made for their compulsory collection. And it is a well settled rule of law, that when a new power is created by statute, and also a mode of executing it, that power can be executed in no other way. *Shaw* v. *Boston,* 1 Met. 130, and cases cited. Hence, the lien upon the specific property taxed ` is the only remedy to enforce the payment of the tax ; there is no right to collect it from the residuary estate. The subsequent provision in the law of 1866, throws light retrospectively upon the statute in question, confirmatory of our views. It provides various amendments in terms, and in words found expedient for the practical working of the law. It does not find it necessary to amend section 125 by any additional words upon *this point,* as it does in all its other amendments of that section. It simply declares as already existing law, which needs no addition, " that any tax paid under the provisions of sections 124 and 125 shall be deducted from the particular legacy or distri-

butive share on account of which the same is charged." It is obvious, from the construction of the whole amendment, that the law makers did not deem it necessary to add words expressive of this purpose, or to strike out any expressive of a different purpose. As a matter of abundant caution, it declared *that* as the proper mode of proceeding under the section, as any one would have done who carefully considered it.

DURFEE, J. It seems but reasonable that the specific legatees under a will should severally pay the duties required in respect of their respective legacies, rather than that those duties should be paid out of the residue. Otherwise, if it should happen that the duties were in excess of the residue, the residuary legatee would lose all benefit of the testator's bounty.

The law prescribes a rate of taxation varying according as the legatees are related to the testator more or less nearly within certain degrees,—the rate beyond those degrees being the same for relatives and strangers. This variation was obviously designed with a view to favor near relatives, and to make the law conform to the natural feeling that a more distant relation or a stranger in blood being a legatee, can better bear the hardship of such a tax than the legatees who are more nearly related to the testator—his children, perhaps, orphaned by his death. But if the entire tax is to be paid out of the residue, then the distant relative or the stranger may suffer no more from the tax than the testator's children or other near relations. Indeed, if, as might very likely happen, the specific legatees are the more remotely or not at all related, and a child or children are the residuary legatees, then, if the executor should pay the tax out of the residue, the child or children bear the entire burden, and those who are the more distantly, or not at all related, escape, to the manifest frustration of the principle upon which we suppose the tax to have been graduated. We think, unless the language of the law requires it, we ought not to adopt a construction which may lead to such results.

The statute, approved July 1, 1862, (12 U. S. Stat. at Large, Ch. 119, § 112,) provided for receipts to be given by the collector or deputy collector, upon payment of the duty or tax,

which shall be sufficient evidence to entitle the person who paid such duty or tax, as having taken the burden or trust of administering the estate, " to be allowed for such payment by the person or persons entitled to the beneficial interest in respect of which such tax or duty was paid." The statute of 1862 was superseded by a statute approved June 30, 1864, (being the statute under which the duty in question is claimed to have been paid,) in which the provision above quoted is omitted. An amendatory statute, approved July 13, 1866, provides that any tax paid under the provisions of the statute of 1864, relating to this subject, "shall be deducted from the particular legacy or distributive share on account of which the same is charged."

The defendant finds in the omission from the statute of 1864, of the words above quoted from the statute of 1862, and in the amendment of 1866, grounds for an argument, that under the statute of 1864, as it existed prior to the amendment of 1866, the legacy duties were a charge upon the estate at large, and payable out of the residue. But we think the omission and the amendment permit no sufficient warrant for such a construction. The omitted provision relates to the credit to be given to the receipt of the collector or deputy collector as evidence in the settlement of the estate, and only incidentally, as it were, indicates that the duties are chargeable to the persons entitled to the beneficial interest in respect of which they were paid,— significantly differing, in this respect, from the amendatory provision of the statute of 1866. We see no reason for supposing that the language referred to was omitted from the statute of 1864, in any other view than because it was supposed to be superfluous or undesirable for the purpose for which it was originally introduced. We think that under the statute of 1864, notwithstanding the omission, the duties paid in respect of any particular legacies are, as between the executor and the legatees, in the settlement of the estate, to be deducted from the legacies in respect of which they have been paid, or charged to the legatees, respectively, who are entitled to such legacies; and that the amendment of 1866, was simply declaratory, being designed to obviate any doubt or question in regard to the construction.

In our opinion, therefore, it makes no difference, whether the plaintiffs paid the duty under the statute of 1864, as it now is, or as it was before its amendment, for in either case they should look, not to the residue, but to the legacy, in respect of which the duty was paid, or to the legatee entitled to the same, for reimbursement.

The defendant's counsel, in his brief, makes the point—not pressed in the oral argument—that the legacy, being a bequest of specific property, is exempt from duty. We think this view is not tenable. It is true, the executor, having paid the duty, might find it difficult to deduct the same out of such a legacy; but if—what is very unlikely to happen—the legatee should refuse to reimburse him, as a condition of getting the legacy, the law would doubtless afford an adequate remedy.

In so far as the will of the testator furnishes any indication of his intention upon this subject, we find nothing to make us believe that his intention will be defeated by making the legacies, except that which is expressly exempt, respectively chargeable with the duties paid on account of them; but rather the contrary.

The defendant agrees that judgment shall be entered for the plaintiffs in case the taxes are lawfully chargeable upon his legacy. We therefore need not inquire, whether, independently of any agreement, the plaintiffs would maintain this action, or would be obliged to look for reimbursement to the property itself. If the language of this opinion is open to any inference in that regard, we wish to say that we reserve our opinion on that point until it is made.

Agreeably to the agreement under which the case is submitted, we enter,

*Judgment for the plaintiffs.*